## SECOND DEPARTMENT, APRIL, 1980

### (April 2, 1980)

■ In the Matter of PETER C. FILIBERTO, Appellant-Respondent, v ROOSEVELT FIRE DISTRICT, Respondent, and RAYMOND BERKELEY, Respondent-Appellant.—In a proceeding pursuant to CPLR article 78 to, inter alia, set aside an election held on December 11, 1979, for the office of Fire Commissioner in the Roosevelt Fire District, petitioner appeals from so much of a judgment of the Supreme Court, Nassau County, dated February 19, 1980, as dismissed the petition. Respondent cross-appeals from that part of the

judgment which stayed the enforcement of the judgment pending appeal. Judgment reversed, with costs to petitioner, petition granted, election set aside, and new election ordered. Special Term erred in holding that it was without power to set aside the election and order a new one (see *Matter of Mansfield v Epstein,* 5 NY2d 70). In an election case, a proceeding pursuant to CPLR article 78 is the proper vehicle when there is no disputed fact question *(Matter of Mapes v Swezey,* 278 App Div 959). Following the instant election, the Commissioners of Elections certified that 156 persons who voted in the election were not registered voters. (The petitioner lost the election by 60 votes.) The law is clear that a person must be registered to vote under the system of permanent personal registration in order to vote in a fire district election *(Tatay v Tatay,* 349 F Supp 1300; Town Law, § 175). The case relied upon by Special Term, *Matter of Corrigan v Board of Elections of Suffolk County* (38 AD2d 825, affd 30 NY2d 603) is not applicable. That case involved a *general* election for the office of county legislator in which the petitioner commenced an article 78 proceeding to inquire into, *inter alia,* the legality of votes cast on the voting machines, and alleged irregularities in the conduct of the voting and post-election proceedings relating to the canvass and security of the ballots. However, the instant case involves a special fire district election which is governed by section 175 of the Town Law. Moreover, unlike in *Corrigan,* there are no allegations of widespread irregularities in the conduct of the election herein. Rather, the only issue here, which is a purely legal one, concerns the failure of the election officials to check the registration of the voters, as required by section 175 of the Town Law. Accordingly, the election must be set aside and a new election ordered. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.