OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed.
 

 This is a summary proceeding pursuant to section 16-102 of the Election Law to validate the designating petition of the Sewer Tax Opposition Party (STOP) naming petitioner as its candidate for Superintendent of Highways of the Town of Babylon for the general election held on November 8, 1983. Special Term denied respondent’s motion to dismiss the proceeding, annulled the determination of respondent Suffolk County Board of Elections that the petition was invalid, and directed that petitioner’s name be placed on the November 8 ballot under the STOP line. On October 27, 1983, the Appellate Division, in the order appealed from, reversed the order of Special Term, dismissed petitioner’s proceeding on the ground that an indispensable party to the proceeding (a co-objector to petitioner’s designating petition) had not been named or served, and ordered that petitioner’s name be taken off the November ballot.
 

 After the entry of the Appellate Division’s order and before petitioner perfected his appeal to this court, the general election was held and another candidate, certified as the winner of the election, assumed the office of Superintendent of Highways. In view of those events, occurring subsequent to the determination of the court below, this appeal should be dismissed as academic.
 
 (Sedita v Board of Educ.,
 
 43 NY2d 827, 828.) This court has no jurisdiction in a summary proceeding such as this under section 16-102 of the Election Law to remove the successful candidate from office or order a new general election. Such relief can be
 
 *642
 
 granted, if at all, only in a plenary action in the nature of
 
 quo warranto. (Matter of Corrigan v Board of Elections,
 
 38 AD2d 825, 826, affd 30 NY2d 603.)
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), appeal dismissed, without costs, in a memorandum.