## (April 19, 1984)

■ In the Matter of THOMAS F. CONROY et al., Respondents-Appellants, v DIANE LEVINE et al., Appellants-Respondents. (And a Second Proceeding.) — In proceedings, *inter alia,* to declare the Port Washington North general village election held on March 20, 1984, null and void, (1) the village officers and two winning candidates appeal from so much of a judgment of the Supreme Court, Nassau County (Lockman, J.), dated April 12, 1984, as granted petitioners' applications to the extent of ordering a new election, to be held no later than the third Tuesday in June, 1984, for one village trusteeship among petitioners Thomas F. Conroy and Betty C. Mazzeo, and appellant-respondent Michael Wolin, and (2) petitioners cross-appeal from so much of the same judgment as denied their application to set aside the election of Vito Siciliani to the office of village trustee. The parties also appeal and cross appeal (by permission) from an order of the same court (Kutner, J.), entered April 2, 1984, which, *inter alia,* denied motions for preliminary injunctive relief. ¶ Appeals from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Judgment reversed, on the law, without costs or disbursements, and proceedings dismissed. The stay granted in the order to show cause dated April 2, 1984 and continued on April 6, 1984, is hereby vacated. ¶ Since petitioners failed to show that any person who voted in the March 20, 1984 village election was not eligible to vote, or that there was any fraud or misconduct involved either in the preparation of the village voting register prior to the election, or in the election itself (see *Matter of Beatty v Owens,* 57 NY2d 952), we agree with Trial Term that the election of Vito Siciliani as a village trustee should not be invalidated. However, we disagree with Trial

Term's determination that a new election must be held as to one village trustee position because 10 voters who were duly registered to vote were denied the right to vote and because petitioners' poll watchers were denied access to the polling place. ¶ Pursuant to section 8-302 (subd 1, par [f]) of the Election Law, if a voter "offers" to cast a ballot and claims to live in the election district in which he seeks to vote, but no registration poll record can be found for him, he shall be permitted to vote if he presents a court order requiring that he be permitted to vote (Election Law, § 8-302, subd 1, par [f], cl 1). In the instant case, none of the voters who was denied the right to vote availed himself or herself of this remedy. Where there has been no showing of fraud or misconduct on the part of the inspectors of election or that any ineligible voter actually voted, and where the voters who were denied the opportunity to vote failed to avail themselves of the remedy of obtaining a court order on election day, when Justices of the Supreme Court were available for such purpose, a new election, after the fact, for the village trusteeships, is not warranted. The fact that petitioners' poll watchers were improperly denied access to the polls (Election Law, § 8-500, subd 4), also provides no basis for the order of a new election. Petitioners and their poll watchers could have applied for appropriate judicial relief on election day. ¶ Although we have concluded that a new election is not mandated, we would note, for future reference, that all village general elections should be conducted in accordance with the provisions of the Election Law. Thus, pursuant to subdivision 6 of section 15-118 of the Election Law, "[t]he register for the general village election shall be prepared in each village election district *by the inspectors of election* thereof" (emphasis added), not by the village clerk or the deputy village clerk, "on the days prior to registration day, if any, designated therefor, on the registration day and at the times and place designated by the resolution of the board of trustees". In addition, pursuant to section 15-118 (subd 6, par [a]) of the Election Law, which concerns villages wherein personal registration is not required, as is the case in the Village of Port Washington North, the inspectors of election "shall adopt, use or copy from" the most recent available registration lists, certified and supplied by the county board of elections, the names appearing thereon of all persons residing in the village and qualified to vote at such forthcoming general village election. They then may add thereto the names of all persons known to them who are qualified or will be qualified to vote at the general village election. The register for the general village election shall be completed *on the registration day*. Finally, all poll watchers who are qualified voters of the county in which they are to serve shall be granted admission to the polling place (Election Law, § 8-500, subd 4). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.