OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Petitioners brought these summary proceedings under section 15-138 of the Election Law to declare the Port Washington North general village election held on March 20, 1984 null and void, to remove the declared successful candidates for Village Trustees from office and to order a new general election.
 

 The successful candidates here filed their respective oaths of office and assumed the offices of Village Trustees. Inasmuch as Supreme Court has no jurisdiction in a summary proceeding such as this to remove successful candidates from office or order a new election
 
 (Matter of Hanington v Coveney,
 
 62 NY2d 640;
 
 Matter of Corrigan v Board of Elections,
 
 38 AD2d 825, 826, affd 30 NY2d 603), the relief petitioners seek can be granted, if at all, only in a plenary action in the nature of
 
 quo warranto, (id.)
 

 The attempt by petitioners to distinguish our decision in
 
 Matter of Hanington v Coveney (supra)
 
 on the ground that petitioners in that case proceeded pursuant to section 16-102 rather than section 15-138 is unpersuasive. Section 15-138 was not intended to enlarge the summary jurisdiction of Supreme Court over general elections; it is merely a recodification of prior law which required proceedings such as this to be brought in
 
 quo warranto.
 
 (See McKinney’s Session Laws of NY, 1972, pp 3408-3409; Election Law, former § 536, L 1972, ch 895, § 2; L 1972, ch 895, § 3; see, also,
 
 Matter of Mason v Tapel,
 
 71 AD2d 1050.) As a result, Supreme Court was powerless to grant the summary relief requested. To the extent
 
 Matter of Nicholson v Blessing
 
 (88 AD2d 958) is to the contrary, it is not to be followed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Simons and Kaye concur; Judge Meyer taking no part.
 

 Order affirmed, without costs, in a memorandum.