OPINION OF THE COURT
Daniel F. Luciano, J.
This is a CPLR article 78 proceeding commenced by the petitioner, an unsuccessful candidate for the office of Fire Commissioner for the Hagerman Fire District, by which he challenges the results of the December 11,1984 election in which he was defeated by the respondent Robert Gerard.
In the petition it is alleged that “[t]he most aggregious conduct of the respondent, hagerman fire district and the inspectors and ballot clerks who conducted the election was that it was not performed in accordance with the recent amendment to the Town Law, to wit Chapter 202 of the Laws of 1984, which proscribed [sic] a new form of initiated [sic] which must be performed prior to the conduct of any fire district elections.”
Chapter 202, to which reference is made, added Town Law § 175-a and subdivision (6) to Election Law § 5-612 and amended *341 Town Law § 175. This is a case of first impression interpreting these statutory changes.
The essential controversy between the parties is whether the subject election was conducted in violation of the law since it is not disputed that the procedures of Town Law § 175-a were not followed. The respondents contend that the requirements of section 175-a were not applicable to the December 11, 1984 election.
In support of their position the respondents have offered, inter alla, an affidavit of Jerome M. Kornfeld dated December 28, 1984. Mr. Kornfeld is the former Chief Counsel to the Committee on Local Government of the New York State Assembly. The court cannot accept this affidavit for the purpose of expressing the intent of the statute’s draftsmen since such an affidavit, dated after the effective date of the statute, is not entitled to consideration as legislative history. (Matter of Lorie C., 49 NY2d 161, 169.)
Town Law § 175-a is entitled, “Additional registration for voters”. The parties’ dispute regarding this section is whether the application of all parts of section 175-a is limited to those instances in which the additional personal registration for which subdivision (1) provides has been adopted or whether certain portions of section 175-a are applicable in all elections for fire district officers.
While the parties on both sides of this dispute have produced persuasive arguments the court concludes that, except for the provisions of Town Law § 175-a which specifically limit their application to instances in which a proposition for additional personal registration has been adopted, Town Law § 175-a is operative and fire district elections should be conducted consistent with its mandate even if additional personal registration has not been adopted.
The fact that the heading of section 175-a reads “Additional registration for voters” does not alter this conclusion. First, this heading is not necessarily inconsistent with the registration of voters on the fire district register, as is required even in those cases in which the only eligible voters are those who are registered voters and who have resided in the district for the period of 30 days next preceding any election of fire district officers (Town Law § 175 [2]) and who have been registered with the board of elections on or before the 23rd day before such election (Town Law § 175-a [2] [a]). (Those names are to be provided by a list certified and supplied by the county board of elections. [Town *342 Law § 175-a (3) (a).]) The section refers to a registration process in addition to that which exists for general elections.
Moreover, even if the heading is deemed to refer to the optional additional personal registration permissible pursuant to section 175-a, and therefore to be inconsistent with the broader, general application of the statute, a section heading will not be permitted to limit the effect of a section when the words of the statute are broader than its heading. (McKinney’s Cons Laws of NY, Book 1, Statutes § 123 [b]; see, Matter of Tobin v Waters, 6 Misc 2d 159 [Christ, J.].)
In clear and broad language subdivision (2) of section 175-a begins with the words: “Registration for all fire district elections shall be conducted as follows” (emphasis added). Thus, section 175-a (2) (a) which refers to voter eligibility and section 175-a (2) (b) which mandates that a resolution be published designating the date and place (1) for commencement of preparation of the register by the inspectors of election, (2) for the election, and (3) for the registration, if any, apply to all fire district elections.
It cannot be disputed that the language of section 175-a (2) (b) contains an ambiguity. It is provided that the published resolution “shall designate the dates prior to registration day on which the inspectors of election shall meet”. This suggests that a registration day is contemplated — that is, a day for additional personal registration. Thus, it may be argued that if no provision for additional personal registration has been adopted, section 175-a (2) (b) has no effect.
Although this argument has some appeal, it must be weighed against the broad mandate, noted above, that subdivision (2) applies to registration for all fire district elections. In addition, the resolution is to be published designating the dates and place of registration, “if any”. Certainly, if no published resolution were required absent such registration the “if any” language would not have been needed in the statute. Finally, section 175-a (2) (b) may be compared to section 175-a (2) (c). The latter provision explicitly limits its effect to cases in which the electors of a fire district have approved additional personal registration.
Subdivision (3) deals with the preparation of the register. Again, in this subdivision the “if any” language is used following the term “registration day” which strongly suggests that the Legislature intended that a register be prepared “at the times and places designated by the resolution of the board of fire commissioners” whether or not the optional additional personal registration has been adopted.
*343 It must be acknowledged, however, that additional ambiguities exist. Section 175-a (3) (a) provides: “(a) They shall adopt, use or copy from, the registration list certified and supplied by the county board of elections the names appearing thereon of all persons residing in the fire district and qualified to vote in such forthcoming annual fire district election. Such register shall be completed by adding thereto the names of the persons personally appearing before them and providing to their satisfaction to then be or at the time of election qualified to vote.”
If the Legislature intended to require a register regardless of whether additional personal registration was permitted, one would expect the language of subdivision 3 (a) to parallel that of subdivision 2 (a) and perhaps read: (a) They shall adopt, use or copy from, the registration list certified and supplied by the county board of elections the names appearing thereon of all persons residing in the fire district and qualified to vote in such forthcoming annual fire district election, and in those instances in which additional persons are entitled to vote pursuant to the terms of this section such register shall be completed by adding thereto the names of the persons personally appearing before them and providing to their satisfaction to then be or at the time of election qualified to vote. (Suggested addition emphasized.)
Additionally, in section 175-a (3) (b) references are made to “registration day” and the “if any” language which follows the term “registration day” in other instances has not been adopted.
The respondents point to another claimed ambiguity which, they assert, is avoided if their construction of section 175-a is adopted.
Town Law § 175 (1) requires that the board of fire commissioners publish a notice of the election in one or more newspapers having a general circulation in the district and that the first publication of such notice shall not be less than 13 and not more than 20 days prior to the date of the election.
The resolution to be published pursuant to Town Law § 175-a (2) (b) is to be published at least 27 days prior to election day.
These mandates are not, however, inconsistent. Section 175 (1) speaks of publication of a notice while section l75-a speaks of publication of a resolution. Moreover, the section 175-a resolution is broader than the section 175 (1) notice as it must also designate the place and time for commencement of preparation of the register and the registration, if any.
Further, even if the court were to conclude that section 175-a was effective only when additional personal registration had *344 been adopted, the court finds no authority for eliminating the section 175 (1) notice in those cases in which additional personal registration is adopted. Thus, the conflict perceived by the respondents would remain.
Town Law § 175-a is no model of legislative clarity. Apparent internal inconsistencies abound. Nevertheless, upon a review of the statute as a whole the court concludes that notwithstanding that the fire district had not adopted additional personal registration the board of fire commissioners was required to publish a resolution designating the date and place for commencement of preparation of a register and for the election (Town Law § 175-a [2] [b]) and that the inspectors of election were required to prepare a register in conformity with Town Law § 175-a (3).
The petitioner has alleged improprieties in the conduct of the election, including the inability to confirm that all voters were properly registered. Compliance with the registration process of section 175-a may well have alleviated this problem. It must be recalled that Laws of 1984 (ch 202) also added subdivision (6) to Election Law § 5-612. Pursuant to this provision and Town Law § 175-a (3) (a) the board of election’s registration poll records were to be made available upon the request of the board of fire commissioners, and to be used to prepare the register for the fire district election. Employing this system helps to assure that only properly registered and eligible voters actually vote in the fire district election.
The petitioner lost the election by only 34 votes. The question of whether the election should be set aside turns upon a question of law. Since the court concludes that the voters in the subject election were not properly registered for the election the court has the power to set aside the election and order a new one to be held in conformity with the law. (Filiberto v Roosevelt Fire Dist., 75 AD2d 572.)
A new election shall be scheduled by the board of fire commissioners within 60 days after the date of the judgment to be drawn hereon.
The procedures, other than the requirement that the election be on the second Tuesday in December, set forth in Town Law §§ 175 and 175-a, shall be followed.