(November 6, 1985)

■ BETHPAGE FIRE DISTRICT, Plaintiff, v MICHAEL MANCINI, Defendant.—Submission of a controversy pursuant to CPLR 3222 to determine whether Town Law § 175-a is a mandatory

provision which requires the Bethpage Fire District to comply with the terms and conditions set forth in that statute in addition to those contained in Town Law § 175 in conducting its annual election of fire district officers.

Judgment is directed declaring that the provisions of Town Law § 175-a must be complied with in addition to the provisions of Town Law § 175 in conducting the annual election of fire district officers. No costs are awarded.

For the reasons set forth by Justice Daniel F. Luciano in *Matter of Morabito v Hagerman Fire Dist.* (128 Misc 2d 340), we find that the election procedures in Town Law § 175-a must be followed in addition to those contained in Town Law § 175, regardless of whether or not the fire district conducts additional personal registration of voters pursuant to Town Law § 175-a (1). The registration process of Town Law § 175-a, which was enacted in 1984 (L 1984, ch 202, § 5), may alleviate long-standing problems in determining the eligibility of voters in fire district elections and may lessen the instances of challenges to election results *(see, Matter of Filberto v Roosevelt Fire Dist.,* 75 AD2d 572; *Matter of Gander v Fire Commrs.,* 117 Misc 2d 830). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.