Jonathan D. Brown, Esq. Attorney, Davis Park Fire District
You have inquired about the voting requirements for fire district elections. You have explained that the area where the fire district is located is a resort community and that no one resides there on a year-round basis.
The Town Law establishes the qualifications to vote in a fire district election:
 "Every elector of the town who shall be a registered voter of the town and who shall have resided in the district for the period of thirty days next preceding a special or annual fire district election shall be qualified to vote upon such proposition" (id., § 179[4]).
We have construed the term "elector" to mean a person who is eligible to register to vote (1985 Op Atty Gen [Inf] 143). Section 175(2) requires, however, that the elector actually be registered. Under section 5-102
of the Election Law, to be qualified to register to vote a person must be a citizen of the United States, at least 18 years of age and a resident of the State and the appropriate locality.
We have construed the term "resident" for purposes of eligibility to vote to mean "domicile" (1985 Op Atty Gen [Inf] 143). Domicile requires an intention to make a residence a permanent and fixed home (Matter ofNewcomb, 192 N.Y. 238 [1908]).
 "A temporary residence for a temporary purpose, with intent to return to the old home when that purpose has been accomplished, leaves the domicile unchanged . . ." (id., at 251).
Thus, a person may have several residences but only one domicile (1974 Op Atty Gen [Inf] 213). Where domicile is in question, a determination must be made based upon the facts of each case (1977 Op Atty Gen [Inf] 271, 273).
Thus, it seems clear that a person must be registered to vote under the system of permanent personal registration in order to vote in a fire district election (Matter of Filiberto v Roosevelt Fire District,75 A.D.2d 572 [2d Dept, 1980]). We note that in addition to being permanently registered in the town where the fire district is located, section 175(2) also requires that persons actually reside in the district for a period of 30 days next preceding the election of fire district officers. The legislative intent underlying this provision clearly indicates this purpose (Bill Jacket, L 1980, ch 901, Memorandum in Support of Senate 8253-A).
We are aware that the eligibility requirements for voting in fire district elections may disenfranchise large numbers of voters in summer communities. Only the Legislature can make any revisions that may be appropriate in this area.
We conclude that to be eligible to vote in a fire district election a person must be registered in the town where the district is located and in addition must reside in the district for a period of 30 days prior to the election of district officers.