(May 31, 1990)

■ In the Matter of MARY E. MALLOTT, Respondent, v NANCY J. BALAREZO, as Village Clerk of the Incorporated Village of Ocean Beach, et al., Appellants, et al., Respondents.—In a proceeding pursuant to Election Law articles 15 and 16, the appeal is from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated May 29, 1990, which, *inter alia,* declared a resolution of the Board of Trustees of the Incorporated Village of Ocean Beach adopted May 19, 1990 to be null and void and enjoined the Nassau County Board of Elections and/or the Clerk of the Incorporated Village of Ocean Beach or the Election Inspectors of that village from conducting any nonpersonal registration for the general village election to be held on June 1, 1990.

Ordered that the judgment is affirmed, without costs or disbursements.

Village elections must be conducted in accordance with the provisions of the Election Law *(Matter of Conroy v Levine,* 100 AD2d 918, 919, *affd* 62 NY2d 934). Pursuant to Election Law § 15-118 (3), resolutions regarding the registration of voters must be adopted at least 20 days before registration day, and must be posted and published at least 10 days prior to registration day. It was therefore improper, as a threshold matter, for the Board of Trustees of the Incorporated Village of Ocean Beach to adopt a resolution regarding voter registration on May 19, 1990, for a registration to occur on May 22, 1990 and an election scheduled for June 1, 1990. Mangano, P. J., Thompson, Brown, Lawrence and Kunzeman, JJ., concur.