(April 22, 1992)

■ In the Matter of VINCENT C. FELICE, Respondent, v ROSE- MARY BERGER et al., Respondents, and EDWARD A. IHNE, Appellant.—In a proceeding pursuant to Election Law § 15- 138, *inter alia,* to set aside the election of Edward A. Ihne, held on March 17, 1992, for the public office of Trustee of the Village of Patchogue, Edward A. Ihne appeals from a judg-

ment of the Supreme Court, Suffolk County (Cohalan, J.), dated April 9, 1992, which, after a hearing, denied his cross petition to compel the Village Clerk to declare that he was duly elected, and directed that a new general election be held between him and the petitioner, Vincent C. Felice.

Ordered that the judgment is modified, on the law and as a matter of discretion, by adding thereto the following provision: "Ordered that the proceeding is converted into an action for a judgment declaring invalid the election of Edward A. Ihne, held on March 17, 1992, for the public office of Trustee of the Village of Patchogue, with the petition deemed the complaint, and the cross petition deemed the answer thereto, and it is declared that the election of Edward A. Ihne to the public office of Trustee of the Village of Patchogue on March 17, 1992, is invalid"; and it is further,

Ordered that, as so modified, the judgment is affirmed, without costs or disbursements.

Vincent C. Felice, an aggrieved candidate for the public office of Trustee of the Village of Patchogue, commenced this proceeding pursuant to Election Law § 15-138 seeking, *inter alia,* a new election on the ground that a voting machine had malfunctioned. The election was held on March 17, 1992, and was to fill the offices of Mayor and three Trustees of the Village of Patchogue. Felice received a total of 832 votes, while the top three candidates for the public office of Trustee received 914, 898, and 886 votes, respectively.

Following the election, Felice commenced the instant proceeding alleging, *inter alia,* that a voting machine in the 20th Election District had malfunctioned and failed to tabulate votes cast for him on the Democratic line. Felice also submitted the affidavits of 91 voters who stated that they had pulled the lever on the machine in question for Felice on the Democratic line. The machine, which was subsequently tested by the Suffolk County Board of Elections and found to be defective, had recorded eight votes for Felice, only one of which was cast on the Democratic line. Significantly, the record indicates that the other Democratic candidates each received in excess of 135 votes on the same voting machine and that Felice led all candidates in the aggregate vote total from the other eight election districts.

The Supreme Court granted the petition to the extent that it (1) set aside the election as to the third trustee's position, and (2) ordered a new runoff election between Felice and the appellant herein, Edward A. Ihne, who received the third highest vote total. Ihne now appeals from the foregoing deter-

mination, arguing, *inter alia,* that pursuant to the holding of the Court of Appeals in *Matter of Conroy v Levine* (62 NY2d 934, 935), the exclusive remedy available to Felice is an action in the nature of quo warranto *(see,* Executive Law § 63-b). We disagree.

The Court of Appeals has held that the Supreme Court lacks jurisdiction to order a new general election in a summary proceeding under Election Law § 15-138 where the successful candidates have assumed office and that a plenary action in the nature of quo warranto is the proper vehicle for removing successful candidates from office or ordering a new election *(see, Matter of Conroy v Levine, supra,* at 935; *Matter of Corrigan v Board of Elections,* 38 AD2d 825, 826, *affd* 30 NY2d 603). At bar, since the appellant has not been certified by the Village Clerk and has not assumed his elected office, a quo warranto action is presently unavailable. We have observed, however, that a court may order a new election in a plenary action for a declaratory judgment where, as here, the office in question has not yet been filled *(see, Matter of Corrigan v Board of Elections,* at 826-827; CPLR 103 [c]; *cf., Matter of Morgenthau v Roberts,* 65 NY2d 749).

Under the circumstances presented, we find that the instant proceeding should be converted to an action for a declaratory judgment *(see, Matter of Corrigan v Board of Elections, supra).* Relegating Felice to a quo warranto action would require the institution of yet another lawsuit after Ihne has assumed office based upon vote tabulations which are concededly erroneous. We see no reason to compel Felice to go through the formality of instituting an action where an alternative remedy is available in the present forum *(cf., LaPolla v De Salvatore,* 112 AD2d 6, 8). We note that within the context of a declaratory judgment action, this court may permissibly consider the voter affidavits submitted by Felice as probative evidence that the machine malfunction affected the election results *(cf., Matter of Hogan v Supreme Ct.,* 281 NY 572, 575-576; *People ex rel. Deister v Wintermute,* 194 NY 99, 104-105; *People ex rel. Smith v Pease,* 27 NY 45).

Accordingly, in light of the compelling evidence establishing a faulty vote tally in the 20th Election District, and its effect upon the outcome of the election results, the election of Ihne must be declared invalid and a new election held between Felice and Ihne. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.