■ In the Matter of BARBARA A. MARINO et al., Appellants, v BOARD OF ELECTIONS OF WESTCHESTER COUNTY et al., Respondents. [605 NYS2d 394] —In a purported proceeding pursuant to the Election Law, inter alia, for a determination that John

Diaz is ineligible to assume the office of member of the Yonkers City Council from the 2nd City Council District, on the ground that he was not a resident of that District as of November 2, 1993, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), entered December 20, 1993, as, upon finding that John Diaz "was in fact a resident of the * * * 2nd City Council District as of election day, November 2, 1993", dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and (1) the proceeding is converted into an action with the petition deemed the complaint (see, CPLR 103 [c]), (2) it is declared that John Diaz was not a resident of the 2nd City Council District of the City of Yonkers, as of November 2, 1993, and is therefore ineligible to assume the office of member of the Yonkers City Council from that District, (3) it is declared that the Council seat for the 2nd City Council District is vacant, and (4) the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

We disagree with the contention of the respondent John Diaz that his eligibility to assume the public office to which he has been elected can be challenged only in a plenary action in the nature of quo warranto. Inasmuch as the office is not yet occupied, the issue may be addressed in the context of an action for a declaratory judgment and this Court has the power to convert the instant proceeding into such an action (see, Matter of Felice v Berger, 182 AD2d 795, 797; Matter of Corrigan v Board of Elections, 38 AD2d 825, 826, affd 30 NY2d 603).

Diaz failed to establish by clear and convincing evidence that he was a resident of the 2nd City Council District of the City of Yonkers as of the time of his election, as required by Public Officers Law § 3 (1) and Yonkers City Charter § C4-3 (see, Matter of Larkin v Herbert, 185 AD2d 607; Matter of Aiello v Power, 9 Misc 2d 523, 527, affd 4 AD2d 833, affd 3 NY2d 892). Although it is clear that Diaz formed the intention of moving into the newly-reapportioned District at least one month prior to the election and, in early October, rented an apartment in contemplation of this move, by his own testimony Diaz continued to reside with his wife at their prior residence until December 9, 1993. Since the wording of Public Officers Law § 3 (1) and Yonkers City Charter § C4-3 unambig-

uously require actual residency within the subject political subdivision at the time a candidate for civil office is elected, the mere intent to relocate is insufficient.

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Sullivan and Pizzuto, JJ., concur.