■ In the Matter of JAMES DUNCAN, Respondent, v BOARD OF COMMISSIONERS OF PORT WASHINGTON POLICE DISTRICT et al., Appellants, et al., Respondents. [616 NYS2d 633] —In a proceeding pursuant to CPLR article 78 to set aside the result of an election that was held on December 14, 1993, for the office of Police Commissioner of the Port Washington Police District, the Board of Commissioners of the Port Washington Police District and Stephen Zaccherio appeal from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated February 14, 1994, which granted the petition on the merits, annulled the result of the election, and directed that a new election be held.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court,

Nassau County, for further proceedings in accordance herewith.

On December 14, 1993, an election was held for one vacancy on the Board of Commissioners of the Port Washington Police District (hereinafter the District). The petitioner, one of three candidates for the office, lost the election to Stephen Zaccherio by 103 votes. The petitioner commenced the present proceeding challenging the validity of the election on the ground, *inter alia*, that 205 ballots had been cast by individuals who resided in the District but who were not registered to vote. The Supreme Court granted the petition, annulled the result of the election, and ordered that a new election be held. We reverse.

The Port Washington Police District was created pursuant to the Nassau County Civil Divisions Act, title 3, article 2 (L 1939, ch 273). Section 306.0 (a) of that act provides that qualified voters of the District shall annually elect one of three police commissioners, who shall hold office for a term of three years. Section 309.0 specifies that every person "who shall have resided in the police district for a period of thirty days next preceding [the annual] election shall be entitled to vote thereat." However, there is no requirement that a person be registered to vote in order to participate in an election for the office of Police Commissioner.

The Election Law requires voter registration in only certain enumerated kinds of elections and when required by a specific provision of law (Election Law §§ 1-102, 5-100). Elections for the office of Police Commissioner are not among those enumerated in the Election Law. Additionally, unlike fire district and improvement district elections, the Legislature has not expressly required voter registration in police district elections *(see,* Town Law § 175, as amended by L 1980, ch 901; *see also,* Town Law § 213, as amended by L 1985, ch 400; *cf., Matter of Filiberto v Roosevelt Fire Dist.,* 75 AD2d 572). Since the Legislature has not specified that voter registration is required in order to participate in an election for the office of Police Commissioner, we hold that the Supreme Court incorrectly annulled the result of the election in this case on the ground that 205 of the ballots had been cast by unregistered voters.

A proceeding pursuant to CPLR article 78 is not the proper vehicle to resolve the remaining factual issues regarding the other claimed voting irregularities *(see, Matter of Filiberto v Roosevelt Fire Dist., supra).* When, as here, there are disputed questions of fact, the proper vehicle is either an action in the

nature of quo warranto or an action for a declaratory judgment. If the successful candidate has assumed office, then an action in the nature of quo warranto is appropriate *(Matter of Conroy v Levine,* 62 NY2d 934). If, however, the office has not yet been occupied, then an action for a declaratory judgment is appropriate *(Matter of Marino v Board of Elections,* 199 AD2d 505; *Matter of Felice v Berger,* 182 AD2d 795).

It cannot be determined from the record on this appeal whether or not Stephen Zaccherio has already assumed the office of Police Commissioner of the Port Washington Police District. We therefore remit the matter to the Supreme Court, Nassau County, for such a determination. If the Supreme Court determines that Stephen Zaccherio has not yet assumed the office of Police Commissioner, the court has the power to convert the present proceeding into a declaratory judgment action and to resolve the remaining issues of fact *(see, Matter of Marino v Board of Elections, supra; Matter of Felice v Berger, supra).* If, on the other hand, the Supreme Court determines that Stephen Zaccherio has already assumed the office of Police Commissioner, an action by the Attorney-General in the nature of quo warranto, now statutorily embodied in Executive Law § 63-b, is the exclusive remedy *(see, Ellis v Eaton,* 136 AD2d 890). Such an action may be commenced prior to the expiration of the term of office that is contested *(Matter of Garufi v Bennett,* 150 Misc 2d 799, 806). Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.