# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1300.2**
**CAE 12-01973**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THOMAS W. REED, II,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES A. WALSH, ET AL., RESPONDENTS,
AND LORI C. GARDNER, RESPONDENT-APPELLANT.

---

SCHLATHER, STUMBAR, PARKS & SALK, ITHACA (DIANE V. BRUNS OF COUNSEL),
FOR RESPONDENT-APPELLANT.

JAMES WALSH, BALLSTON SPA, FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered August 27, 2012 in a proceeding pursuant to the Election Law. The order denied the motion of Lori C. Gardner to vacate an order entered June 21, 2012.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner filed a designating petition that purported to nominate him as the Independence Party's candidate for the office of Representative in Congress from the 23rd Congressional District of New York. After the New York State Board of Elections (Board) determined that the petition did not contain a sufficient number of valid signatures, petitioner commenced the instant proceeding to validate his designating petition. Supreme Court, after a hearing, granted the petition and ordered the Board to place petitioner's name on the ballot for the general congressional election on the Independence Party line. The court thereafter denied respondent Lori C. Gardner's motion to vacate that order, and she now appeals.

"An 'appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment' " (*Wisholek v Douglas*, 97 NY2d 740, 742, quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Here, the general election at issue took place on November 6, 2012, and, in contrast to our authority to order a new primary election (*see* Election Law § 16-102 [3]; *Matter of Corrigan v Board of Elections of Suffolk County*, 38 AD2d 825, 826-827, *affd* 30 NY2d 603), we lack the authority to "remove the successful candidate from office or order a new general election"

(*Matter of Hanington v Coveney*, 62 NY2d 640, 641; *see Matter of Conroy v Levine*, 62 NY2d 934, 935; *Matter of Uciechowski v Hill*, 205 AD2d 825, 825).  The appeal is therefore moot, and, inasmuch as the exception to the mootness doctrine is not implicated here, we dismiss the appeal (*see Hanington*, 62 NY2d at 641-642; *People ex rel. Geer v Common Council of Troy*, 82 NY 575, 576; *Uciechowski*, 205 AD2d at 825).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court