■ In the Matter of ROBERT C. LAITY, Appellant, v STATE OF NEW YORK et al., Respondents, et al., Respondents. [60 NYS3d 572]—

Devine, J. Appeal from an order of the Supreme Court (Hartman, J.), entered August 16, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the certificate of designation naming respondent Rafael Edward (Ted) Cruz as a Republican Party candidate for the public office of President of the United States in the April 19, 2016 presidential primary election.

On January 26, 2016, respondent Rafael Edward (Ted) Cruz filed a certificate of designation with the State Board of Elections seeking to have his name placed on the ballot for the April 19, 2016 presidential primary election as a Republican Party candidate for the public office of President of the United States. Petitioner then filed with the State Board general and specific objections to the placement of Cruz, as well as respondents Marco Rubio and Piyash (Bobby) Jindal on the ballot, asserting that the three men were ineligible for the office of President because they were not "natural born [c]itizen[s]" (US Const, art II, § 1). On February 23, 2016, the State Board issued determinations overruling petitioner's objections on the grounds that the objections were outside the ministerial scope of the State Board to determine, were made in the incorrect venue and that petitioner. failed to provide the requisite proof of service of his objections. The State Board also noted that petitioner's objections were moot as to Jindal, who had not filed a designating certificate.

Petitioner commenced this proceeding pursuant to Election Law § 16-102 in April 2016 and sought, among other things, "to ENJOIN [respondent] State of New York from entering upon the Presidential Election Ballot for 2016" the names of Cruz, Rubio and Jindal on the ground that they were ineligible for the office of President of the United States. Thereafter, the State moved, pre-answer, to dismiss the petition on several grounds. Cruz filed an answer and reply memorandum of law, requesting, among other things, that the proceeding be dismissed. Supreme Court found the petition to be defective in numerous respects and dismissed it, prompting this appeal by petitioner.

To the extent that petitioner challenges the primary ballot and the general election ballot, the proceeding is moot because

the 2016 presidential primary and general elections have already taken place and "the rights of the parties cannot be affected by the determination of this" appeal (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Danielewicz v Aurigema*, 58 NY2d 881, 881-882 [1983]; *Matter of Reed v Walsh*, 101 AD3d 1661, 1662 [2012]). The exception to the mootness doctrine does not apply inasmuch as this case does not present the type of issue that would typically evade review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715). The substantive issue presented would not have evaded judicial review had petitioner timely commenced this proceeding, which would have enabled Supreme Court to hear the case before the presidential primary election and petitioner to take an expedited appeal therefrom.

To the extent that petitioner challenges future presidential elections on the ground that the State allegedly "misrepresent[s]" the constitutional requirements for the office of President by allowing candidates to appear on the ballot whom petitioner considers ineligible, this claim is premature because any harm "is contingent upon events which may not come to pass" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 240 [1984]; *see Schulz v Cuomo*, 133 AD3d 945, 948 [2015], *appeal dismissed* 26 NY3d 1139 [2016], *lv denied* 27 NY3d 907 [2016]). In light of our determination, we need not consider the alternative arguments for affirmance by the State and Cruz.

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.