Matter of Dionisio v Belmont (2024 NY Slip Op 00595)

Matter of Dionisio v Belmont

2024 NY Slip Op 00595

Decided on February 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-12327
 (Index No. 70755/23)

[*1]In the Matter of Richard Dionisio, petitioner/plaintiff- respondent, 
v
Ronald Belmont, respondent/defendant- appellant-respondent, Mark Jaffe, respondent/defendant- respondent-appellant, et al., respondents/defendants.

Adam T. Bradley (Cozen O'Connor, New York, NY [Jerry H. Goldfeder], of counsel), for respondent/defendant-appellant-respondent.
Stanley Kalmon Schlein, Bronx, NY, for respondent/defendant-respondent-appellant.
Perillo Hill LLP, Sayville, NY (John Ciampoli of counsel), for petitioner/plaintiff-respondent.

DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to Election Law article 16 and CPLR article 78 in the nature of prohibition to prohibit the respondent/defendant Westchester County Board of Elections from canvassing or counting any votes cast for the respondent/defendant Ronald Belmont in the general election held on November 7, 2023, for the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison, and action for a judgment declaring that the respondent/defendant Ronald Belmont is ineligible to hold the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison under Local Law No. 3-2022 of the Town of Harrison and Local Law No. 2-2022 of the Village of Harrison, respectively, in which the respondent/defendant Mark Jaffe cross-petitioned/cross-claimed, inter alia, for a judgment declaring that the respondent/defendant Ronald Belmont is ineligible to hold the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison under Local Law No. 3-2022 of the Town of Harrison and Local Law No. 2-2022 of the Village of Harrison, respectively, and to direct that a new general election be held for the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison between the petitioner/plaintiff and the respondent/defendant Mark Jaffe, the respondent/defendant Ronald Belmont appeals, and the respondent/defendant Mark Jaffe cross-appeals, from an order and judgment (one paper) of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated December 21, 2023. The order and judgment, insofar as appealed from, denied the motion of the respondent/defendant Ronald Belmont to dismiss the petition/complaint, declared that the respondent/defendant Ronald Belmont is ineligible to hold the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison under Local Law No. 3-2022 of the Town of Harrison and Local Law No. 2-2022 of the Village of Harrison, respectively, granted that branch of the petition which was to prohibit the respondents/defendants Town of Harrison, Village of Harrison, and Jackie Greer from accepting and filing an oath of office from the respondent/defendant Ronald Belmont for the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison, and directed the respondent/defendant Westchester County Board of Elections to certify the results of the general election held on November 7, 2023, for the [*2]public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison. The order and judgment, insofar as cross-appealed from, directed the respondent/defendant Westchester County Board of Elections to certify the results of the general election held on November 7, 2023, for the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison, and, in effect, denied that branch of the cross-petition of the respondent/defendant Mark Jaffe which was to direct that a new general election be held for the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison between the petitioner/plaintiff and the respondent/defendant Mark Jaffe.
ORDERED that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Ronald Belmont held the public offices of Supervisor of the Town of Harrison and Mayor of the Village of Harrison (hereinafter Supervisor/Mayor) for 10 years, from 2012 to 2021. On January 1, 2022, Richard Dionisio was sworn in as Supervisor/Mayor.
On August 18, 2022, the Town Board of the Town of Harrison and the Village Board of the Village of Harrison (hereinafter together the Town/Village Boards) adopted Local Law No. 3-2022 of the Town of Harrison and Local Law No. 2-2022 of the Village of Harrison, respectively. Those local laws provided, in relevant part, that "no person shall be eligible to be elected, appointed or otherwise hold the office of [Supervisor/Mayor] if that person has previously held such office for a total of five (5) terms, a maximum of ten (10) years" (hereinafter together the term limits laws).
In May 2023, this Court decided Hoehmann v Town of Clarkstown (216 AD3d 865, affd 40 NY3d 1). In that case, the plaintiffs sought a judgment declaring that Local Law No. 9-2014 of the Town of Clarkstown, which added chapter 263 to the Code of the Town of Clarkstown (hereinafter chapter 263), limiting the term an elected official may serve, as follows: "[t]he term of any elected Clarkstown official elected in a regular election after January 1, 2015, shall not exceed eight consecutive years" (Code of Town of Clarkstown § 263-1), was invalid, because it was never the subject of a mandatory public referendum pursuant to Municipal Home Rule Law § 23 (see Hoehmann v Town of Clarkstown, 216 AD3d at 866). This Court, noting that "the intervenors do not dispute that the enactment of chapter 263 was subject to a 'mandatory referendum' under Municipal Home Rule Law § 23(2) (emphasis added)" because, among other things, "[c]hapter 263 'changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office' (Municipal Home Rule Law § 23[2][e])" (id. at 867-868), and rejecting the intervenors' contention that the action was time-barred (see id. at 871), declared that the local law was invalid. That decision was affirmed by the Court of Appeals (see Hoehmann v Town of Clarkstown, 40 NY3d 1).
At a special meeting held on July 27, 2023, based upon the Court of Appeals' decision in Hoehmann, the Town/Village Boards made the determination to subject the term limits laws to a public referendum on the ballot of the general election to be held on November 7, 2023 (hereinafter the 2023 general election). Specifically, the ballot included a proposal to impose "a term limit of five (5) terms, a total of ten (10) years, . . . for the elected office of the Supervisor/Mayor."
In the 2023 general election, the proposal passed. The results of the vote on the proposal were certified by the County Board of Canvassers of the County of Westchester (hereinafter the Board) on December 15, 2023. Thereafter, on December 22, 2023, the Board certified the vote count for the public offices of Supervisor/Mayor, with Dionisio receiving a majority of the legal votes cast. On December 22, 2023, Dionisio executed and filed an oath of office for the public offices of Supervisor/Mayor.
Prior to the certification of the results of the 2023 general election, Dionisio commenced this hybrid proceeding, inter alia, pursuant to Election Law article 16 and CPLR article 78 in the nature of prohibition, and action for a judgment declaring that Belmont is ineligible to hold the public offices of Supervisor/Mayor pursuant to the term limits laws on the ground that Belmont had already served for 10 years in those public offices. Belmont interposed an answer and moved [*3]to dismiss the petition/complaint, asserting, inter alia, that because the Town/Village Boards subjected the term limits laws to a public referendum, the term limits laws did not become effective until after they were passed in the 2023 general election. Mark Jaffe, who was also listed as a candidate for the public offices of Supervisor/Mayor, filed an answer and cross-petition/cross-claim, inter alia, for a judgment declaring that Belmont is ineligible to hold the public offices of Supervisor/Mayor and to direct that a new general election be held for those public offices between Dionisio and Jaffe.
In an order and judgment dated December 21, 2023, the Supreme Court, inter alia, denied Belmont's motion to dismiss the petition/complaint, declared that Belmont is ineligible to hold the public offices of Supervisor/Mayor based upon the term limits laws, granted that branch of the petition which was to prohibit the Town of Harrison, the Village of Harrison, and Jackie Greer, as the Clerk of both the Town of Harrison and the Village of Harrison, from accepting and filing an oath of office from Belmont for the public offices of Supervisor/Mayor, directed the Westchester County Board of Elections to certify the results of the 2023 general election for the public offices of Supervisor/Mayor, and, in effect, denied that branch of Jaffe's cross-petition which was to direct that a new general election be held for the public offices of Supervisor/Mayor between Dionisio and Jaffe. Belmont appeals, and Jaffe cross-appeals.
Initially, Belmont contends that the Supreme Court lacked subject matter jurisdiction to determine his eligibility to be elected as Supervisor/Mayor after the 2023 general election had occurred, and that a quo warranto action brought by the State Attorney General was the exclusive vehicle to contest his eligibility. Contrary to Belmont's contention, however, the issue of his eligibility to be elected could be determined in this proceeding/action, since Dionisio sought declaratory relief regarding a pure issue of law (see People v Delgado, 1 AD3d 72, 76; Matter of Duncan v Board of Commrs. of Port Washington Police Dist., 207 AD2d 834, 836; Matter of Marino v Board of Elections of Westchester County, 199 AD2d 505, 506; Matter of Schlobohm v Municipal Hous. Auth. for City of Yonkers, 270 App Div 1022, 1022, affd 297 NY 911).
Furthermore, contrary to Belmont's contention, the Supreme Court properly declared that he is ineligible to hold the public offices of Supervisor/Mayor based upon the term limits laws. As Dionisio correctly argued before the court, and Belmont concedes on appeal, the referendum became effective immediately upon certification of the vote approving the referendum. Those results were certified on December 15, 2023, prior to the certification of the vote count for the public offices of Supervisor/Mayor. Therefore, there is no merit to Belmont's contention that the relief sought by Dionisio would require retroactive application of the referendum. Rather, the term limits laws were already effective prior to the certification of the vote count for the public offices of Supervisor/Mayor, and therefore, Belmont was prospectively ineligible from being elected, regardless of when the votes were cast.
Finally, Jaffe's contention that the Supreme Court should have directed a new general election is without merit because the court lacked jurisdiction to direct a new general election in a summary proceeding under the Election Law (see Matter of Felice v Berger, 182 AD2d 795, 797; Matter of Corrigan v Board of Elections of Suffolk County, 38 AD2d 825, 826, affd 30 NY2d 603).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.

2023-12327 DECISION & ORDER ON MOTION
In the Matter of Richard Dionisio, petitioner/plaintiff-
respondent, v Ronald Belmont, respondent/defendant-
appellant-respondent, Mark Jaffe, respondent/defendant-
respondent-appellant, et al., respondents/defendants.
(Index No. 70755/23)

Appeal and cross-appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated December 21, 2023. Motion by the respondent/defendant-appellant-respondent, inter alia, to stay enforcement of the order and judgment pending hearing and determination of the appeal and cross-appeal. Motion by the respondent/defendant-respondent-appellant, inter alia, to stay enforcement of the order and judgment pending hearing and determination of the appeal and cross-appeal. Cross-motion by the petitioner/plaintiff-respondent to dismiss the appeal and cross-appeal on the ground that they have been rendered academic.
Upon the papers filed in support of the motions and the cross-motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross-appeal, it is
ORDERED that the cross-motion is denied; and it is further,
ORDERED that the motions are denied as academic in light of our determination on the appeal and cross-appeal.
BARROS, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court