WILLIAM J. SHEILS, Respondent, *v.* EDWARD J. FLYNN, as Secretary of State, Defendant, and ERNEST F. EILERT and JAMES H. SULLIVAN, as and Constituting the Board of Elections of the County of Westchester, Defendants, Appellants, and WILLIAM CRONIN, as Chairman of the Democratic County Committee of Westchester County, Intervenor, Respondent, and CHARLES H. GRIFFITHS, as Chairman of the Republican County Committee of Westchester County, Intervenor, Appellant.*

Third Department, July 21, 1937.

*William A. Davidson, County Attorney* [*Frank J. Claydon* of counsel], for the defendants, appellants.

*Westall & Stohldreier* [*William D. Cunningham* and *Walter W. Westall* of counsel], for the intervenor, appellant.

*Julius Weiss, Timothy A. McCarthy* and *William J. O'Shea, Jr.*, for the plaintiff, respondent.

*Walter G. C. Otto* [*F. Harry Otto* of counsel], for the intervenor, respondent.

*John J. Bennett, Jr., Attorney-General,* for the defendant Edward J. Flynn.

PER CURIAM. This is an appeal from an order denying the motion of certain defendants to dismiss the complaint, in an action for a declaratory judgment.

Plaintiff is the surrogate of Westchester county and has been since March 2, 1937. On that date the Governor notified the Senate that a vacancy existed in the office due to the death of Surrogate SLATER, and plaintiff was appointed to the position and qualified and entered upon the discharge of his duties. In and by his complaint he asserts that prior to that appointment and at the election held on November 3, 1936, he had been elected to the office, as he states, having received a greater number of votes than his opponent, Surrogate SLATER. The complaint *inter alia* asks that the defendant Secretary of State be enjoined from transmitting to the board of elections of Westchester county a certificate stating that the office of surrogate is to be filled at the general election in 1937. It is unquestioned that plaintiff since March, 1937, has been the surrogate of the county. If his only title to that office is his appointment as mentioned, there will be a vacancy on January 1, 1938, which should be filled at the election in 1937. The gravamen of his complaint is that he was regularly elected, and holds the office because of his election as well as through the appointment made by the Governor and the Senate. He complains that his opponent, Surrogate SLATER, made claim to the office on January 1, 1937, and usurped and exercised the powers and duties thereof until his death on February 23, 1937, and that the Secretary of State " intends to make and transmit " the certificate certifying that there will be a vacancy on January 1, 1938, which should be filled in the previous election.

We do not now pass upon the propriety of all the various forms of relief to which plaintiff claims he is entitled. We merely hold that by reason of the allegations contained in his pleading he

is entitled to maintain his action in this form. The complaint states a cause of action. (*Wingate* v. *Flynn*, 256 N. Y. 690.)

The order appealed from should be affirmed.

HILL, P. J., RHODES, MCNAMEE, BLISS and HEFFERNAN, JJ., concur.

Order affirmed.