Sidney A. Fine, J.
By order to ¡show cause dated November 22, 1968 one Anthony J. Stella, candidate for Member of Assembly from the 86th Assembly District, Bronx County, moved to stay the respondent Board of Elections from certifying the election of one Joseph A. Fusco as the duly elected candidate from said district. In connection therewith he served a petition pursuant to article 78 CPLR to permanently enjoin the said board from so certifying and .to direct them to declare him duly elected and certify his election. He contends that the voting machines .in three districts, to wit, the 14th, 15th and 45th election districts, had been tampered with and the vote tabulated on the machines had been changed and did not reflect the true vote.
The tally of the election inspectors taken election night indicated that candidate Stella had been elected by some 735 votes. However, if the tally presently recorded on the three voting machines in question is taken, candidate Fusco is the victor.
By order to show cause dated November 25, 1968, candidate Fusco moved to direct the respondent Board of Elections to certify him as the duly elected Assemblyman of that district.
In the Stella proceeding a temporary injunction was granted. By virtue of this, the recanvass mandated by section 274 of the *1042 Election Law, although commenced by the Board of Elections, was not completed nor the results promulgated.
The proceedings herein were consolidated and a hearing-ordered by the court.
The situation presented' to .the court shows that although the election was held on November 5, 1968, because of the circumstances indicated above, the electorate of the 86th Assembly District are without an Assemblyman-elect and will have none because of the failure to certify. In addition, unless there is a determination by the courts of this matter without undue delay the people of said district may find themselves unrepresented in Albany in the forthcoming legislative session.
At the hearing the application to dismiss the proceeding, made by the attorneys for Fusco, addressed to the jurisdiction of the court, was denied. This was based .on subdivision 5 of section 330 of the Election Law and on the authority of Matter of Rice v. Power (19 N Y 2d 474); nor is the court deprived of jurisdiction because of section 63-b of the Executive Law (quo warranto proceeding by the Attorney-General against a usurper of office).
It would indeed be incongruous for a court, if it found a tally of votes to be incorrect, to nevertheless allow a candidate who was not duly elected, to be certified, to be sworn into office, and then to relegate the duly elected candidate to a proceeding under section 63-b of the Executive Law.
One other objection must be disposed of before the court considers the merits of these actions. An objection was made by counsel for petitioner Fusco that the testimony of the election inspectors and the police officers be disregarded as they did not testify that the chairman of the Board of Inspectors, together with and under the scrutiny of an inspector of a different political party, announced the results on the machines. This procedure is provided for in section 261 of the Election Law. However, the testimony elicited at the hearing was that there was always more than one person reviewing the results, always a policeman and often other watchers. The results would be called out to the other inspectors and they in turn would call them back to check the numbers. None of the parties of any political faith objected to this procedure and nothing was shown •to indicate that such procedure affected the outcome of the election. “ It is not to be understood that the court determining the validity of an election is to .seize upon every irregularity in the conduct of the election. An irregularity is of no moment if it did not affect the .result ” (18 N. Y. Jur., Elections, § 469)
*1043 Having disposed of these threshold questions we will now consider the matters on the merits together with the testimony adduced and the exhibits presented at the hearing. An inspector or the chairman of each of the boards of inspectors testified at the hearing. Although all of the inspectors had been .subpoenaed and were present at the hearing, they were not called by either party and were excused by consent. The aforesaid witnesses testified as to the method of recording the count, that the machines were locked and sealed at the close of the voting and that the vote, as recorded on their tallies, was correct. They also testified as to the numbers listed on the protective counters at the start and on the conclusion of the voting. In addition the opening numbers were corroborated by the separate list kept in the custody of the Board of Elections which had been taken prior to Election Day. Each of the policemen at the boards where the three machines in question were tabulated testified that the results recorded on the tally sheets were correct. This testimony was supported by notations in their memorandum books in which they kept an independent record of the various totals.
Ransom Shoup, an official and engineer for the company which makes the machines used in these elections, was qualified as an expert and testified that at the request of the District Attorney of Bronx County who is investigating this matter, he examined the voting machines with which we are concerned, at the Board of Elections. He testified that .seals were broken both on the front and back of the machines and that the count recorded for the vote for Assemblyman on those three machines had been altered. In order to alter the count it was necessary to open both front and back to release the keys which locked the machines. However, when such was done the protective counter would advance. That on two machines the protective counter had advanced one number and on the third it had advanced three numbers. He further testified that it was unnecessary for the Board of Elections to break these seals to perform its recanvass and that only his employees would do .so in resetting the machines for their use at the next election. He also pointed out that his observation of the machines showed .that on the various party lines the vote was fairly constant until the line for Assemblyman was reached, where the votes were .reversed. He also pointed out that in one election board where there were two voting machines, the one which was tampered with had such reversal but in the other the fairly constant vote was maintained, including the vote for Assemblyman.
*1044 On the clear and convincing evidence .adduced at the hearing, the court finds that the machines in question were tampered with after the close of the election and that the vote on those machines was altered, which affected the outcome of the election. For isuch reason the present vote for Assemblyman on the three machines should be disregarded.
In Matter of Rice v. Power (19 N Y 2d 474, supra), in which the vote on .the machine was allowed as against the count of the inspectors and the police at the election district, the court stated, at page 478: “ The voting counters on the machines are purposely designed mechanically to remain unchanged until they are unlocked and released. ’ ’ In the present case the proof indicated that such counters had been unlocked and released, thus allowing the vote to be changed. Again, at page 479, the following is found: 1 ‘ The normal legal presumption attaches to the reliability of a superseding canvass over the original one. This presumption might be overcome by evidence .showing some reasonable mechanical probability of a change in the machine between the canvass .and the recanvass.” Here we have a definite showing not of a reasonably mechanical probability of such change but definite proof of the tampering with these machines between the canvass and any .recanvass. When these .are taken together with the dramatic shift of votes, .such shows a substantial attack on the integrity of the tallies on the machines. Therefore, as it is shown that the machines were tampered with and the vote altered, the reliability of the present vote on these machines is destroyed. Under these circumstances there is before the court a reliable count taken by the inspectors of the various political parties and the police, election night. The incorrect totals on the machines can be corrected by substituting therefor the vote recorded on the tally sheets.
Accordingly, the proceedings before the court are disposed of -as follows. The temporary injunction heretofore granted is lifted. The Board of Elections is directed to recanvass the vote. However, with respect to machine No. 4880 in the 14th Election District, machine No. 4881 in the 15th Election District, and machine No. 4043 in the 45th Election District, the board will count .as the vote from those machines for Assemblyman the tallies taken by the inspectors and the police rather than the incorrect tallies now appearing on the machines. Thereafter it will proceed in the manner provided fo.r in the Election Law.