■ SAVARIO VACCARO et al., Appellants, v. H. R. H. CONSTRUCTION CORP., Defendant-Respondent and Third-Party Plaintiff. D'AQUILA BROS. CONTRACTING CO., INC., Third-Party Defendant.— Judgment entered June 12, 1968 is reversed on the law and the matter is remanded for a new trial, with costs to abide the event. In this personal injury action the court dismissed the complaint at the end of the plaintiff's case. The court, in effect, found that the defendant " H. R. H. Construction Company [was] the employer of these men at the time " of the accident, thus limiting plaintiffs' remedy in relation to H. R. H. to a workmen's compensation claim. In our opinion the record does not sustain such finding as a matter of law. Accordingly, the complaint should not have been dismissed. The matter is thus remanded for a new trial. Concur — Eager, J. P., Tilzer, Nunez, Rabin and Macken, JJ.

■ In the Matter of ANTHONY J. STELLA, Respondent, v. MAURICE J. O'ROURKE et al., Constituting the Board of Elections of the City of New York, et al., Respondents. In the Matter of JOSEPH FUSCO, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— Judgment unanimously affirmed, with $50 costs and disbursements on the opinion of Mr. Justice FINE [58 Misc 2d 1041]. Concur — Stevens, P. J., Eager, Markewich, Nunez and Steuer, JJ.

(February 20, 1969)

■ MARTHA KESSLER, as Administratrix of the Estate of LOUIS NUDELMAN, Deceased, Respondent, v. MILDRED WENK et al., Appellants.— Order entered September 26, 1968 granting plaintiff's motion to vacate a dismissal of the action and restoring the action to the Trial Term Calendar, reversed, on the law and the facts, with $30 costs and disbursements to appellants, and the motion denied with leave to plaintiff to renew the motion at Special Term upon proper papers including an affidavit of merits to be furnished by a person having knowledge of the facts. In our opinion, the motion papers require amplification as to the nonabandonment of the action and do not satisfy the rule that a showing of merits must be made by one with knowledge of the facts indicating a viable cause of action. Concur — Stevens, P. J., Tilzer, McGivern, McNally and Bastow, JJ.