Memorandum. In this proceeding to compel the Suffolk County Board of Elections to permit certain individuals who are voluntary residents of the Pilgrim State Psychiatric Center to register and vote in a general election, the board contends that an evidentiary hearing is essential to establish the residence of such individuals and that the affidavit submitted by one such individual, found to be adequate as to him by the Appellate Division, was insufficient as a matter of law. We affirm.
 

 The affidavit made by the resident states that he has voluntarily resided at the psychiatric center for over 30 years, that he has no other residence or place of abode, and that he considers Suffolk County his home. The record is devoid of any opposing affidavit or other proof from the board. Despite this lack of proof that the facts are not as stated, the board seeks to create a rule requiring evidentiary hearings in all such instances.
 

 In
 
 Matter of Palla v Suffolk County Bd. of Elections
 
 (31 NY2d 36, 45), there were "issues of fact raised by the affidavits”. Under the circumstances here, however, the court had a right to consider and rely upon an affidavit by the individual seeking registration, unrefuted by any factual statement or showing, as sufficient proof of residency (see Election Law, § 335; 2 Gassman, Election Law, p 688).
 

 Since registration to vote is a continuing status, the matter should not be considered moot simply because of the passing of an election for which registration was initially sought. Moreover, since the issue is likely to recur in the future, notwithstanding any indications of changed circumstances, review should not be declined on the grounds of mootness (see
 
 Matter of Carr v New York State Bd. of Elections,
 
 40 NY2d 556, 559).
 

 Accordingly, the order of the Appellate Division, so far as appealed from, should be affirmed, without costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 
 *993
 
 Order affirmed.