■ JAMES ELLIS, as Republican Candidate for the Office of Town Councilman, et al., Appellants, v IVAN M. EATON et al., Respondents.—Order unanimously affirmed without costs. Memorandum: In this declaratory judgment action, plaintiffs seek a declaration that the election of Ivan M. Eaton as Town Councilman of the Town of East Otto was illegal, void and a nullity. Plaintiffs allege that the voting machine malfunctioned during the general election held on November 5, 1985 and that the votes cast for competing candidates were not properly tallied. In dismissing the complaint, Special Term ruled that either quo warranto under Executive Law § 63-b or mandamus in a CPLR article 78 proceeding was the appropriate remedy. We affirm.

It is the "long-prevailing rule that an action in the nature of quo warranto by the Attorney-General, now statutorily embodied in section 63-b of the Executive Law, is the exclusive means of * * * trying title to public office" (Morris v Cahill, 96 AD2d 88, 90, citing Greene v Knox, 175 NY 432, 437-438;

*People ex rel. McLaughlin v Board of Police Commrs.*, 174 NY 450; *Matter of Anderson v Krupsak*, 51 AD2d 229, 232-233, *revd on other grounds* 40 NY2d 397; *Matter of Ahern v Board of Supervisors*, 7 AD2d 538, 543-544, *affd* 6 NY2d 376). Equally well established is the exception to that rule which permits such title to be tested by mandamus in an article 78 proceeding when only an issue of law is presented *(Matter of Dykeman v Symonds*, 54 AD2d 159, 161; *Matter of Cullum v O'Mara*, 43 AD2d 140, 145, *affd* 33 NY2d 357).

Mandamus would not be a proper remedy in these circumstances. Whether the voting machine actually malfunctioned during the course of the election may not be resolved on this record as a matter of law. Additionally, if we were to view this action as one commenced under article 78, it is untimely (CPLR 217).

In asserting that a declaratory judgment action is their proper remedy, plaintiffs rely upon this court's decision in *Matter of Dekdebrun v Hardt* (68 AD2d 241, *lv dismissed* 48 NY2d 882). That reliance is misplaced. In *Dekdebrun* the objection based upon the exclusivity of quo warranto as the proper remedy was not raised by the parties at Special Term or on appeal *(see, Morris v Cahill, supra,* at 91). (Appeal from order of Supreme Court, Cattaraugus County, Feeman, J.— declaratory judgment.) Present—Dillon, P. J., Denman, Boomer, Pine and Lawton, JJ.