■ In the Matter of ROBISON OIL CORP., Respondent, v COUNTY OF WESTCHESTER et al., Appellants, ALMAR FUEL CORP. et al., Respondents, and TEAMSTER LOCAL 456 et al., Intervenors-Respondents. [653 NYS2d 674] —In a proceeding pursuant to CPLR article 78 to review a determination of the

County of Westchester and the Director of Purchasing and Supplies of the County of Westchester dated June 9, 1995, awarding several contracts for the supply and delivery of heating oil, the County of Westchester and the Director of Purchasing and Supplies of the County of Westchester appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered February 21, 1996, which annulled so much of the determination as awarded contracts for the supply and delivery of No. 2 heating oil to the respondents Montebello Oil Corp. and Almar Fuel Corp.

Ordered that the judgment is reversed, on the law, with costs payable by the petitioner, so much of the determination as awarded contracts for the supply and delivery of No. 2 heating oil to the respondents Montebello Oil Corp. and Almar Fuel Corp. is confirmed, and the proceeding is dismissed on the merits.

The instant proceeding falls within the exception to the mootness doctrine which permits judicial review of an appeal when the following factors are present: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *see also, Community Bd. 7 v Schaffer,* 84 NY2d 148, 154). Thus, the proceeding should not be dismissed based on mootness (*compare, Heights 75 Owners Corp. v Smith,* 135 AD2d 680).

We find no statutory authority or decisional law, and none has been cited, supporting the Supreme Court's holding that the appellants were required to demonstrate how they would ensure prospective compliance with the local prevailing wage rate schedule in order to establish that their contract awards were lawful. In determining whether an administrative determination rendered without a hearing is arbitrary and capricious, the proper test is whether the determination is supported by a rational basis (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). If it is, it should not be disturbed by the courts. Here, so much of the determination as awarded contracts for the supply and delivery of No. 2 heating oil to the respondents Montebello Oil Corp. and Almar Fuel Corp. was supported by a rational basis and it should not have been annulled by the Supreme Court. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.