■ Yusuf Topal, Appellant, v Village of Pelham, Respondent, et al., Defendants. [758 NYS2d 676] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered April 9, 2002, which granted the motion of the defendant Village of Pelham for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, entered August 13, 2002, which denied his motion for leave to reargue.

Ordered that the appeal from the order entered August 13, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered April 9, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff was injured when a branch fell from a tree and hit his car as he was driving on a street in the Village of Pelham, on an evening that a tropical storm passed through Westchester County. The defendant Village of Pelham established

its entitlement to judgment as a matter of law by submitting evidence establishing that before the accident, the tree from which the branch fell was in good health, without any visible signs of decay (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's affidavit, submitted in opposition to the motion, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony regarding the condition of the tree, and was thus insufficient to defeat the motion by the Village for summary judgment (*see Califano v Campaniello*, 243 AD2d 528, 530 [1997]). In addition, the affidavit of the plaintiff's expert, stating that a scar on the tree, which existed for a year before the accident occurred, was a sign of "possible decay or poor health," was too speculative to raise a triable issue of fact regarding the tree's condition before the accident. Accordingly, the Supreme Court properly granted summary judgment to the Village (*see Crawford v Pick Quick Foods*, 300 AD2d 431, 432 [2002]). Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.