■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DELGADO, Respondent, and GLENN S. HOCKLEY, Appellant. [791 NYS2d 177]—

In a quo warranto action commenced by the Attorney General of the State of New York pursuant to Executive Law § 63-b to determine the defendants' rights to the public office of member of the City of White Plains Common Council pursuant to a general election held on November 6, 2001, the defendant Glenn S. Hockley appeals from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 3, 2004, and (2) an order and judgment (one paper) of the same court entered July 6, 2004, which granted the motion of the Attorney-General for summary judgment, denied the cross motion of the defendant Glenn S. Hockley for summary judgment dismissing the complaint insofar as asserted against him as academic, and adjudged that the defendant Larry Delgado was and is entitled to the office and that the defendant Glenn S. Hockley was to be removed from the office as of July 12, 2004.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to permit disclosure by the appellant with respect to the nonparty voter-affiants, and the appeals are held in abeyance in the interim. Such disclosure shall be completed no later than June 30, 2005; within 30 days after completion, the parties shall submit supplemental affidavits or affirmations to this Court on the issue of the reliability of the voter affidavits.

The pertinent facts underlying this appeal are set forth in the opinion of the Court of Appeals in *Matter of Delgado v Sunderland* (97 NY2d 420 [2002]) wherein that court held that "the proper vehicle for challenging the results and contesting title to the public office of the purported winner is a quo warranto action [brought by] . . . the Attorney-General, to be used only after the alleged 'usurper' has taken office" (*id.* at 423-424). The Attorney General of the State of New York (hereinafter the Attorney General) commenced such a proceeding (*see People v Delgado*, 1 AD3d 72 [2003]), which the Supreme Court resolved by, inter alia, granting the Attorney General's motion for summary judgment determining that the defendant Larry Delgado was the rightful winner of the contested election. The defendant Glenn S. Hockley appeals.

Contrary to Hockley's contentions, by the express terms of CPLR 3212 (a), "[a]ny party may move for summary judgment in any action." Hockley has failed to advance any cogent reasons why summary judgment should not be available in a quo warranto action commenced by the Attorney General pursuant to Executive Law § 63-b.

Moreover, the Attorney General demonstrated, prima facie, that Delgado was the rightful winner (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The evidence adduced by the Attorney General established that a voting machine in the City of White Plains 18th Election District malfunctioned by jamming after recording 39 votes for Delgado, and thereafter failed to record any additional votes cast for him on the Republican line, Row 10A, on which he ran. Via affidavits provided by actual voters, the Attorney General further established that Delgado received at least 103 votes on that line. These 103 votes (minus the 39 recorded on the machine) were sufficient to give Delgado a victory over Hockley by a margin of 17 votes (*see State of New York ex rel. Ellis v Eaton*, 143 Misc 2d 816 [1988], *affd* 154 AD2d 894 [1989]). There was also persuasive circumstantial evidence corroborating the voters' affidavits based upon voting patterns in all the other election districts where Delgado, an incumbent, received the most Republican votes, thus demonstrating that the official returns in the 18th Election District were clearly aberrational.

In opposition, Hockley failed to present evidence giving rise to a triable issue of fact that the voting machine did not malfunction in a manner that would have affected Delgado's votes (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York*, 49 NY2d 557 [1980]). The affidavit submitted by Hockley's expert technician, who did not aver that he had even examined the voting machine in question, was insufficient to raise a triable issue of fact as to whether the machine failed during voting, as he merely speculated that it was possible that the machine failed at a later point in time (*see Topal v Village of Pelham*, 304 AD2d 821 [2003]; *see generally Zuckerman v City of New York, supra* at 562).

With respect to the issue of the reliability of the voters' affidavits, we note first that affidavits of electors as to how they cast their votes constitute admissible evidence in a quo warranto action (*see State of New York ex rel. Ellis v Eaton, supra* at 819; *cf. People ex rel. Deister v Wintermute*, 194 NY 99 [1909]). Here we have 103 registered Republicans who voted in the 18th Election District, according to Board of Elections' records, who have sworn that they voted for Delgado, the Republican candidate, on a voting machine which registered only 39 Republican votes after jamming. Hockley, who already deposed some of the notaries who obtained these voter affidavits, one of whom was Delgado's wife, argues that he is entitled to probe the affiants' motivation to give testimony favorable to Delgado and the circumstances under which these affidavits were

obtained, as well as the possibility that they might have voted instead on the Conservative line. The Supreme Court denied Hockley's request for such discovery as essentially frivolous and barred by laches, and thereafter found that he had failed to raise any genuine issue of fact as to the reliability of these 103 affidavits.

Although it has been noted that contradicting or casting doubt upon a voter's sworn statement as to how he or she acted within the privacy of a voting booth presents a very formidable challenge (see *State of New York ex rel. Ellis v Eaton, supra* at 821), the Supreme Court should have exercised its discretion to allow Hockley the disclosure he sought (see CPLR 3212 [f]). This was an extremely close election and Hockley, the original certified winner, should have been given an opportunity to probe the evidence that he was *not,* after all, the choice of the majority of the voters.

Accordingly, we remit this matter to the Supreme Court, Westchester County, to permit Hockley to depose the voter-affiants. Such disclosure shall be completed no later than June 30, 2005. Within 30 days after completion, the parties shall submit supplemental affidavits or affirmations to this Court on the issue of the reliability of the voter affidavits. In the interim, the appeals shall be held in abeyance. We adopt this somewhat unique procedure in the interest of judicial economy and to give due regard to the important interests here at stake. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.