In the Matter of DENNIS P. FLOOD, Appellant, v LAWRENCE SCHOPFER et al., Respondents, and ERIN MALLOY, Respondent. (Proceeding No. 1.) In the Matter of DENNIS P. FLOOD, Appellant-Respondent, v LAWRENCE SCHOPFER et al., Respondents, and ERIN MALLOY, Respondent-Appellant. (Proceeding No. 2.) [799 NYS2d 232]—

In two related proceedings pursuant to Election Law § 15-138, inter alia, to compel a new election for the public office of the Mayor of the Village of Irvington, the petitioner appeals, as limited by his brief, from so much of (1) a final order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 25, 2005, as, in effect, denied the petition in proceeding

No. 1, granted Erin Malloy leave to assert a cross claim to direct that a certain absentee ballot be opened, and, in effect, granted the cross claim, and (2) a final order of the same court entered April 11, 2005, as, upon granting that branch of the cross motion of Erin Malloy which was to dismiss proceeding No. 2, dismissed proceeding No. 2, and Erin Malloy cross-appeals, as limited by her brief, from stated portions of the order entered April 11, 2005.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the final order dated March 25, 2005, is modified, on the law, by deleting the provisions thereof granting Erin Malloy leave to assert a cross claim to direct that a certain absentee ballot be opened, and, in effect, granting the cross claim, and substituting therefor a provision denying Erin Malloy leave to assert the cross claim; as so modified, the final order dated March 25, 2005, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Board of Trustees of the Village of Irvington for further proceedings in accordance herewith; and it is further,

Ordered that the final order entered April 11, 2005, is affirmed insofar as appealed from, without costs or disbursements.

On March 15, 2005, an election for the Mayor of the Village of Irvington was conducted. Initially, Dennis Flood, the petitioner in both actions, prevailed by one vote. However, following a recanvass conducted on March 18, 2005, Erin Malloy was ahead by one vote. That same day, Malloy consented to opening an uncounted absentee ballot, which then resulted in a tie. Pursuant to Election Law § 15-126 (2) (b), the Village Board of Trustees selects a winner by lot in the event of a tie vote.

On March 21, 2005, the petitioner commenced proceeding No. 1, seeking, inter alia, to compel a new election on the ground of irregularities, including the malfunction of a voting machine, failure to provide paper ballots, and the inability of certain registered voters to cast votes. The petitioner also asserted that the tie-breaking remedy of selection by lot was "undemocratic." In her answer dated March 24, 2005, Malloy sought leave to assert a cross claim to open another absentee ballot that had not been counted.

The Supreme Court held that the alleged irregularities did not warrant a new election, and upon granting Malloy leave to assert the cross claim, Ordered that the absentee ballot be opened. That ballot was for Malloy, giving her one more vote than the petitioner. Thereafter, the petitioner commenced proceeding No. 2, seeking virtually the same relief as in proceed-

ing No. 1, and the Supreme Court dismissed that proceeding. The results of the election have not yet been certified.

Contrary to the petitioner's contention, the Supreme Court lacked jurisdiction to order a new village election on the ground of the alleged irregularities asserted, since "[a]ny action [the] Supreme Court takes with respect to a general election challenge 'must find authorization and support in the express provisions of the [Election Law] statute'" (*Matter of Delgado v Sunderland*, 97 NY2d 420, 423 [2002]). Where, as here, the irregularities alleged include, for example, a malfunctioning voting machine, "the proper vehicle for challenging the results and contesting title to the public office of the purported winner is a quo warranto action," commenced by the Attorney General once the purported winner has taken office (*id.* at 423-424).

However, the Supreme Court erred in granting Malloy leave to assert a cross claim, since the request was untimely. Pursuant to Election Law § 15-126 (3), judicial review of a recanvass in a village election "must be commenced no later than three days after the completion of the recanvass by the board of elections." Malloy sought leave to assert a cross claim more than three days after completion of the recanvass (*see Matter of Krueger v Richards*, 59 NY2d 680 [1983]; *Matter of Bearak v Laufer*, 196 AD2d 604 [1993]). Contrary to Malloy's contention, in this special proceeding she was not entitled to the benefit of the relation-back doctrine (*see* CPLR 203 [d]; *Matter of Williams v Rensselaer County Bd. of Elections*, 98 AD2d 938, 939 [1983]). Accordingly, the result of the election is a tie, and the matter must be remitted to the Board of Trustees of the Village of Irvington for a final determination (*see* Election Law § 15-126 [2] [b]).

The only issues raised by Malloy on her cross appeal concern that branch of her cross motion which was to impose a sanction upon Flood and his attorney. Inasmuch as the Supreme Court failed to determine that branch of the cross motion, it remains pending and undecided and thus we dismiss the cross appeal (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The parties' remaining contentions are without merit. Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.