■ In the Matter of JAY S. JACOBS et al., Appellants, v WILLIAM BIAMONTE et al., Respondents. [833 NYS2d 532]—

In a proceeding pursuant to Election Law article 16, inter alia, to compel the respondents to provide the petitioners with copies of all absentee ballot applications in advance of the special election to be held on February 6, 2007, for the public office of Member of the New York State Senate from the 7th Senatorial District, and to afford the petitioners the opportunity to interpose and preserve objections to those applications prior to February 6, 2007, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated January 23, 2007, as denied those branches of their petition which were to compel that relief.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"An 'appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment' " (*Wisholek v Douglas*, 97 NY2d 740, 742

[2002], quoting *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]). However, appellate courts "have discretion to review a case if the controversy or issue involved is likely to be repeated, typically evades review, and raises substantial and novel questions" (*Wisholek v Douglas, supra* at 742, citing *Matter of Hearst Corp. v Clyne, supra* at 714-715; *see Iafrate v Suffolk County Bd. of Elections,* 42 NY2d 991, 992 [1977]; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556, 559 [1976]; *Matter of Avella v Batt,* 33 AD3d 77, 80 [2006]; *Matter of Brown v Appelman,* 241 AD2d 279, 282 [1998]; *Matter of Robison Oil Corp. v County of Westchester,* 236 AD2d 542, 543 [1997]; *Matter of Angell v Ferris,* 227 AD2d 475, 476 [1996]). While the special election at issue occurred on February 6, 2007, we decline to dismiss the appeal as moot, as the issue presented is likely to recur, it will typically evade review, and it is an issue that has not been considered previously by this Court and its determination may have far-reaching implications for the manner in which challenges to absentee ballots are issued, and applications therefor are reviewed (*see Iafrate v Suffolk County Bd. of Elections, supra* at 992; *Matter of Carr v New York State Bd. of Elections, supra* at 559; *Matter of Avella v Batt, supra* at 80; *see generally Wisholek v Douglas, supra* at 742; *Matter of Hearst Corp. v Clyne, supra* at 714-715; *Matter of Brown v Appelman, supra* at 282; *Matter of Robison Oil Corp. v County of Westchester, supra* at 543; *Matter of Angell v Ferris, supra* at 476).

"Any action Supreme Court takes with respect to a general election challenge must find authorization and support in the express provisions of the [Election Law] statute" (*Matter of Delgado v Sunderland,* 97 NY2d 420, 423 [2002] [internal quotation marks omitted]; *see Matter of Flood v Schopfer,* 20 AD3d 417, 419 [2005]; *Matter of Mondello v Nassau County Bd. of Elections,* 6 AD3d 18, 21 [2004]). Contrary to the contention of the petitioners, who are the Chairman of the Nassau County Democratic Committee and a candidate for the office of Member of the New York State Senate from the 7th Senatorial District, there is no express provision in the Election Law providing for the relief they seek. Election Law § 8-402 (7) provides for the production and disclosure, upon request, of "a complete list of all applicants to whom absentee voters' ballots have been delivered or mailed, containing their names and places of residence . . . including the election district . . . and in the city of New York and the county of Nassau, the assembly district." As the Supreme Court found, this provision is both specific and limiting in the disclosure contemplated, and it does not authorize the dissemination to the petitioners of copies of all absentee

ballot applications submitted in this special election. Contrary to the petitioners' contention, the provision of Election Law § 16-106 (1) which authorizes a challenge to original absentee voter's ballot applications does not implicitly provide them with the right to review or acquire copies of all absentee voter's ballot applications; as previously stated, any action taken by the Supreme Court with respect to a general election challenge must find support and authorization in the express provisions of the Election Law (*see Matter of Delgado v Sunderland, supra* at 423; *Matter of Flood v Schopfer, supra* at 419; *Matter of Mondello v Nassau County Bd. of Elections, supra* at 21). Fisher, J.P., Dillon, Carni and McCarthy, JJ., concur.