(December 21, 2007)

■ In the Matter of Toni P. Rettaliata-Tepe, Appellant-Respondent, v Anita S. Katz et al., Respondents, and Susan A. Berland et al., Respondents-Appellants. (Proceeding No. 1.) In the Matter of Mary Collins, Respondent-Appellant, v Anita S. Katz et al., Respondents, and Susan A. Berland et al., Respondents-Appellants. (Proceeding No. 2.) [850 NYS2d 466]—

In two related proceedings pursuant to Election Law article 16, inter alia, to compel a new general election for the position of Member of the Town Council of the Town of Huntington, and to certify the results of the general election held on November 6, 2007, naming Glenda Jackson as the winner, (1) Susan A. Berland and Glenda A. Jackson, respondents in both proceedings, and Mary Collins, the petitioner in proceeding No. 2, appeal from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated December 4, 2007, as sustained the objections of Toni P. Rettaliata-Tepe, the petitioner in proceeding No. 1, to the opening and counting of certain absentee and affidavit ballots, and (2) Toni P. Rettaliata-Tepe, the petitioner in proceeding No. 1, appeals from a final order of the same court dated December 12, 2007, which, inter alia, in effect, denied the petition in Proceeding No. 1 to compel a new general election, and granted the petition in proceeding No. 2 to certify the results of the general election, and Susan A. Berland and Glenda A. Jackson, respondents in both proceedings, and Mary Collins, the petitioner in proceeding No. 2, cross-appeal from the final order dated December 12, 2007.

Ordered that the appeal from the order dated December 4, 2007 is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal from the final order is dismissed, without costs or disbursements, as Susan A. Berland, Glenda A. Jackson, and Mary Collins, are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the final order is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal by Susan A. Berland, Glenda A. Jackson, and Mary Collins from the order are brought up for review and have been considered on the appeal by Toni P. Rettaliata-Tepe from the final order (*see* CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]).

According to the initial election night canvas, the general election on November 6, 2007 in the Town of Huntington resulted in the re-election of the Democratic candidates, Susan A. Berland and Glenda A. Jackson, to the public offices of Members of the Town Council of the Town of Huntington (hereinafter the Town Council), the latter by a relatively small margin over Republican candidate William J. Dowler. Thereaf-

ter, the Chairs of the Republican and Democratic Committees of the Town of Huntington each commenced a special proceeding pursuant to Election Law article 16, inter alia, seeking to have their respective candidates, Jackson and Dowler, certified as the winner, or, alternatively, in the case of the Republican Chair, for a new election. There is no dispute that Berland won the election or that the fourth candidate, Republican Deborah Poulos, lost the election.

After a hearing and rulings on the parties' objections to various affidavit and absentee ballots, and an inspection by a bipartisan team of voting machine mechanics of the voting machine in Election District 33 (hereinafter ED 33), which machine had recorded 40 votes more than the maximum possible number based upon the poll roster book and the machine's public counter, the Supreme Court concluded that the evidence pointed to human error, a failure to properly "zero-out" the voting machine before it was used by the voters in the general election, rather than tampering, as the cause of the overcount. The Supreme Court determined that even assuming that all of the 40 extra votes were cast for Jackson and should thus be deducted from her vote total, she would still be the winner over Dowler by four votes. Therefore, the court directed the Board of Elections to certify the results of the election for the Town Council, utilizing the vote counts from the ED 33 voting machine, which would make Jackson the winner. The Republican Chair, Toni P. Rettaliata-Tepe, appeals, arguing, inter alia, that the court erred in failing to order a new election since it is statistically certain that more than 40 extra votes appeared on the subject machine, and that there was, or that there could be presented upon a remittitur to the trial court, credible evidence of tampering. We affirm.

Any action the Supreme Court takes with respect to a challenge to the results of a general election must find authorization and support in the express provisions of the Election Law (see Matter of Delgado v Sunderland, 97 NY2d 420, 423 [2002]; Matter of Flood v Schopfer, 20 AD3d 417 [2005]). In a summary proceeding pursuant to Election Law article 16, the court's powers are limited to (1) determining the validity of paper ballots, and (2) reviewing the canvass and directing a recanvass or correction of an error or performance of any required duty by the board of canvassers (see Matter of Delgado v Sunderland, 97 NY2d at 423, citing Matter of Corrigan v Board of Elections of Suffolk County, 38 AD2d 825, 827 [1972]; see also Election Law § 16-106 [1], [2], [4]). In Delgado, the Court of Appeals reversed the grant of a new general election where a voting machine had

jammed and failed to record scores of votes in a close race. Since the effect of that malfunction on the votes actually cast was a disputed issue of fact which could not be resolved merely by recanvassing, the Court of Appeals held that a plenary, quo warranto proceeding (*see* Executive Law § 63-b) was the proper vehicle for challenging the purported winner's right to take public office (*see Matter of Delgado v Sunderland,* 97 NY2d at 424-425). Here, as in *Delgado,* we have an undisputed erroneous voting machine count, and its effect upon the actual votes cast, whatever its cause, cannot be resolved by simply ordering a recanvass. As there was no allegation that the subject voting machine was tampered with between the canvass and the recanvass (see *Matter of Stella v O'Rourke,* 58 Misc 2d 1041 [1968], *affd on op below* 31 AD2d 798; *Matter of Delgado v Sunderland,* 97 NY2d at 423), the Supreme Court here properly refused to order a new election or take further proof.

The challenge to the Supreme Court's rulings on the validity of certain affidavit and absentee ballots is without merit. Crane, J.P., Spolzino, Ritter and Santucci, JJ., concur.