In the Matter of VLADIMIR G. ANDRIES, M.D., Appellant, v JAMES C. COX, as Acting Medicaid Inspector General of the Office of Medicaid Inspector General, Respondent. [985 NYS2d 155]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Office of the Medicaid Inspector General dated November 28, 2011, which excluded the petitioner from participation in the New York State Medicaid Program, the petitioner appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Orange County (Ecker, J.), dated June 22, 2012, which granted the petition only to the extent of permitting the petitioner to make immediate application for reinstatement as a participant in the Medicaid program and directed the New York State Office of the Medicaid Inspector General to "make its written determination as to petitioner's immediate reinstatement, or . . . provide a date certain for reinstatement, or describe with sufficient particularity the conditions to be met in order for petitioner to qualify for reinstatement."

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Between November 2002 and December 2003, Vladimir G. Andries (hereinafter the petitioner), a physician licensed by the State of New York, was involved in an internet scheme, wherein

he dispensed prescription drugs based on buyers' answers to online questionnaires and without medically evaluating them. In August 2006, the petitioner was indicted under the federal felony charge of conspiracy to dispense controlled substances via the internet (21 USC § 841 [h]; 18 USC § 371). In 2008, the petitioner pleaded guilty to a single count of distribution of misbranded prescription drugs (21 USC §§ 331 [a]; 333 [a] [1]; 353 [b] [1]), in full satisfaction of the indictment, and was sentenced, inter alia, to a period of three years of probation, but was permitted to continue his medical practice.

By "Notice of Immediate Agency Action" dated September 27, 2011, the New York State Office of the Medicaid Inspector General (hereinafter the OMIG), the administrative agency charged with promulgating regulations governing a physician's participation in and removal from the New York State Medicaid program, excluded the petitioner from participation in the Medicaid program, with the exclusion commencing five days after the date of notice. The OMIG's determination did not set any ending date for the petitioner's exclusion from the Medicaid program. The petitioner's administrative appeal of this determination was denied in a determination dated November 28, 2011.

The petitioner then commenced this CPLR article 78 proceeding to review the OMIG's determination. The Supreme Court granted the petition only to the extent of modifying the penalty imposed so as to permit the petitioner to make immediate application for reinstatement as a participant in the Medicaid program, and directed the OMIG to "make its written determination as to petitioner's immediate reinstatement, or . . . provide a date certain for reinstatement, or describe with sufficient particularity the conditions to be met in order for petitioner to qualify for reinstatement."

In reviewing a determination such as that made by the OMIG here, judicial inquiry is limited to whether the determination was arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Senior Care Servs., Inc. v New York State Dept. of Health, 46 AD3d 962 [2007]).

Contrary to the petitioner's contention, the determination of the OMIG was not arbitrary and capricious. The OMIG's determination was rationally based on 18 NYCRR 515.7 (c), a regulation that authorizes the OMIG to exclude from participation in the Medicaid program a physician who has been convicted of a crime "which relates to or results from . . . the furnishing of or

billing for medical care, services or supplies . . . or participation in the performance of management or administrative services relating to furnishing medical care, services or supplies" (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 231; *Matter of Robison Oil Corp. v County of Westchester,* 236 AD2d 542, 543 [1997]). Furthermore, and contrary to the petitioner's contention, New York State law does not prohibit the OMIG from sanctioning the petitioner even where, as here, the New York State Board of Professional Medical Conduct has declined to sanction him (*see* 18 NYCRR parts 504, 515; *Matter of Koch v Sheehan,* 21 NY3d 697 [2013]; *see generally Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539, 545 [1989]).

The Supreme Court properly granted the petition to the extent noted, so as to include provisions regarding the petitioner's reinstatement in the Medicaid program. The OMIG did not initially provide for the length of time that the petitioner would be excluded from participation in the Medicaid program and, thus, violated the regulation providing that the OMIG's notice of exclusion must state the earliest date on which a request for reinstatement may be made (*see* 18 NYCRR 515.6 [b] [2] [iv]). The OMIG later conceded that, pursuant to its regulations, it had the authority to exclude petitioner from the program only for a "reasonable time" (18 NYCRR 515.3 [a] [1]), and stated in a writing that the petitioner could immediately apply for reinstatement in the program.

The penalty of exclusion from the Medicaid program, as amended by the Supreme Court to conform with the applicable regulations, cannot be said to be so "disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No 1. of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 233 [internal quotation marks omitted]; *Schaubman v Blum,* 49 NY2d 375 [1980]), thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775, 776 [2004]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.