Matter of Singer v Rosen (2020 NY Slip Op 07896)





Matter of Singer v Rosen


2020 NY Slip Op 07896


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-00117
 (Index No. 506233/18)

[*1]In the Matter of Nuchem Singer, etc., appellant,
v
Dennis Rosen, etc., respondent.


Foster Garvey, P.C., New York, NY (Maurice W. Heller of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Philip J. Levitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of the Medicaid Inspector General dated February 8, 2018, which denied the petitioner's application, in effect, to be reinstated to the New York State list of Medicaid providers and to be removed from the New York State Medicaid List of Restricted and Excluded Providers, the petitioner appeals from a judgment of the Supreme Court, Kings County (Loren Bailey-Schiffman J.), dated November 19, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In March 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul a determination of the New York State Office of the Medicaid Inspector General (hereinafter the Inspector General) denying the petitioner's application, in effect, to be reinstated as a service provider to the New York State Medicaid program (hereinafter the Medicaid program), and thus be removed from the Medicaid program's List of Restricted and Excluded Providers (hereinafter the Exclusion List). According to the Inspector General, in 2007, the petitioner's company, Immediate Home Care, Inc., a home care provider (hereinafter IHC), pleaded guilty to grand larceny in the second degree based upon IHC's submission of approximately $12 million in false claims to the Medicaid program, and the petitioner pleaded guilty to grand larceny in the third degree based on his involvement. As a result, the petitioner was excluded from the Medicaid program and placed on its Exclusion List. In 2017, almost 10 years later, the petitioner sought to have his name removed from the Exclusion List.
In November 2017, the Inspector General construed the petitioner's application to be, in effect, for reinstatement to the Medicaid program and denied the petitioner's application due to the duration and magnitude of the defendant's fraudulent conduct—occurring over a period of three years and totaling more than $12 million in false claims. In a determination dated February 8, 2018, the Inspector General, upon reconsideration, upheld the original determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the Inspector General's determination. In a judgment dated November 19, 2018, the Supreme Court [*2]denied the petition and, in effect, dismissed the proceeding. The petitioner appeals, and we affirm.
As an initial matter, although the petitioner contends that he is not seeking reinstatement to the Medicaid program, but rather, only removal of his name from the Exclusion List, since the Inspector General contends that removal from the Exclusion List is only available to those who are reinstated as service providers to the Medicaid program, the Inspector General appropriately deemed the petitioner's application to be one for reinstatement (see 18 NYCRR 504.1[a]; 504.4[e]; see generally Matter of Elcor Health Servs. v Novelle, 100 NY2d 273, 280).
We agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding. In reviewing a determination such as that made by the Inspector General here, judicial inquiry is limited to whether the determination was arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Andries v Cox, 117 AD3d 731, 732). Here, contrary to the petitioner's contention, the determination of the Inspector General was not arbitrary and capricious and is supported by the record (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231; Matter of Halpert v Shah, 107 AD3d 800, 801).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court